IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY R. THOMAS,

    Plaintiff,                    No. CIV S-06-0507 FCD GGH P

    vs.

WARDEN KRAMER, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss filed November 7, 2006, for failure to exhaust administrative remedies.  After carefully considering the record, the court recommends that defendants' motion be granted.

    This action is proceeding on the original complaint filed March 10, 2006. Plaintiff alleges that he was subjected to excessive force and received inadequate medical care while housed at Folsom State Prison.

    42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

1

are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of administrative appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

In the motion to dismiss, defendants observe that in the complaint plaintiff admits that he did not exhaust administrative remedies before filing this action. On this ground, defendants move to dismiss.

In his response to defendants' motion, plaintiff alleges that he exhausted his administrative remedies on June 21, 2006, and July 13, 2006. Attached as exhibits to plaintiff's response are copies of two Director's Level decisions. The first decision, dated June 21, 2006, addresses plaintiff's claims regarding inadequate medical care. The second decision, dated July 13, 2006, concerns plaintiff's claims of excessive force.[1]

Because plaintiff exhausted his administrative remedies after he filed this action on March 10, 2006, defendants' motion to dismiss should be granted.

---

[1] Also attached is a Director's Level decision dated July 19, 2006, addressing plaintiff's claim that Medical Technical Assistant (MTA) Stahl denied plaintiff medical care. MTA Stahl is not a defendant in this action unless plaintiff erroneously referred to defendant Stalks as Stahl, or vice versa. Either way, this appeal was denied after plaintiff filed this action.

1  Accordingly, IT IS HEREBY RECOMMENDED that defendants' November 7,
2 2006, motion to dismiss be granted.

3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11 DATED: 3/14/07

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

15 thom507.mtd